#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIUS DIXON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 21-236-RAW-KEW |
| | ) |
| DERRICK YAZEL, Acting Warden, | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 6). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Northeast Oklahoma Corrections Center in Vinita, Oklahoma. He is attacking his conviction and sentence in Bryan County District Court Case No. CF-2016-302 for Possession of Firearm After Former Felony Conviction (Count 2). He alleges in his sole habeas claim that he was not advised by his attorney or the state district court of the punishment range for his crime (Dkt. 1 at 5).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

>Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**Background**

The record shows that Petitioner entered a no contest plea to Count 2 on November 15, 2016, and was sentenced to eight years' incarceration to run consecutive to his ten-year sentence for Assault and Battery with a Dangerous Weapon in Count 1 (Dkts. 7-1, 7-2).[1] His Judgment and Sentence was entered that same day. *Id.*

Petitioner did not seek to timely withdraw his November 15, 2016, plea or otherwise appeal from his Judgment and Sentence (Dkt. 7-2). His conviction, therefore, became final on November 25, 2016, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. His one-year limitation period commenced the next day, November 26, 2016, and absent any statutory tolling events, it would have expired on Monday, November 27, 2017. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003).

On October 13, 2017, Petitioner filed a pro se Motion for Consideration to Amend Sentence, asking the state district court to run his two sentences concurrently (Dkt. 7-3). With no response from the state or action by the district court, on November 9, 2017, Petitioner

---

[1] According to the Oklahoma DOC Offender website at https://offender.doc.ok.gov, Petitioner discharged his sentence for Count 1 on March 10, 2020. The Court takes judicial notice of the offender website pursuant to Fed. R. Civ. P. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

filed a motion seeking to have the Motion for Consideration deemed confessed (Dkt. 7-4). He then sought mandamus relief from the Oklahoma Court of Criminal Appeals (OCCA) in Case No. MA-2018-7, and the OCCA issued an order on January 16, 2018, directing the state district court to respond to Petitioner's October 13, 2017, motion (Dkt. 7-5).  On April 23, 2018, the district court issued an order construing the motion as arising under Okla. Stat. tit. 22, § 982a and denying the motion (Dkt. 7-6).  The record does not indicate that Petitioner took any further action on his Motion for Consideration to Amend Sentence after the district court's denial (Dkt. 7-2).

Petitioner's next action was on February 22, 2021, when he requested a copy of his Plea of Guilty form (Dkt. 7-7).  He refiled the request on March 5, 2021 (Dkt. 7-8).  He apparently received his Plea of Guilty form, because it was included with an application for post-conviction relief, which was filed in the state district court on March 16, 2021 (Dkt. 7-9).

The post-conviction application alleged the claim that he now presents in this habeas action:  that counsel was ineffective in failing to advise him of "the minimum range of punishment" for Count 2, rendering his plea for Count 2 unknowing (Dkt. 7-9 at 3). In response, the State asserted that Petitioner could have appealed based on this alleged error, and he could not claim ignorance of the applicable range of punishment (Dkt. 7-10 at 1).  The State further argued that even if Petitioner's Plea of Guilty form did not indicate the minimum punishment, he already had been advised through the State's Information "and would have further had the opportunity to have the Information read to him at the formal arraignment." *Id.*

The district court agreed with the state's position and denied the post-conviction application (Dkt. 7-11).  Petitioner appealed to the OCCA which affirmed the district court's

3

denial in *Dixon v. State*, No. PC-2021-711 (Okla. Crim. App. Aug. 6, 2021) (unpublished) (Dkt. 7-12). This petition for a writ of habeas corpus was filed on August 12, 2021 (Dkt. 1), after expiration of the statute of limitations.

**Statutory Tolling**

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). While the issue of whether a motion for judicial review under Okla. Stat. tit. 22, § 982a, is a motion for "collateral review" for purposes of § 2244(d)(2) is unresolved in the Tenth Circuit, *Watie v. Aldridge*, No. CIV 16-117-RAW-KEW, 2017 WL 499967, at *2 (E.D. Okla. Feb. 7, 2017) (unpublished), it is not necessary to decide that issue in this case.

When Petitioner filed his Motion for Consideration to Amend Sentence on October 13, 2017, he had 44 days remaining in his limitation period. Even if Petitioner is granted statutory tolling for the pendency of that motion, the remaining 44 days of his limitation period restarted on April 23, 2018, when the district court denied his Motion for Consideration to Amend Sentence. There is no additional tolling for the time to appeal the denial of collateral relief when, as here, a habeas petitioner does not file an appeal. *See Doby v. Dowling*, 632 F. App'x 485, 488 (10th Cir. 2015) (citing *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000)). With the remaining 44-day period having restarted on April 23, 2018, the limitation period expired on June 6, 2018.

On March 16, 2021, Petitioner filed his application for post-conviction relief (Dkt. 7-9), which was denied on July 8, 2021 (Dkt. 7-11). The post-conviction application alleged the same claim as this habeas petition: that counsel was ineffective in failing to advise him

of the minimum range of punishment for Count 2, rendering his plea for Count 2 unknowing. *Id.* at 3. The state district court denied the application, finding "the Information clearly gives the range of punishment on Count 2 as being 1 to 10 years" (Dkt. 7-11 at 1). Further, Petitioner had failed to present any grounds for relief that could not have been raised in a direct appeal. *Id.* at 2. The OCCA affirmed on August 6, 2021 in Case No. PC-2021-711, holding that Petitioner's post-conviction application was not a substitute for a direct appeal, and he "made no claim he was denied an appeal through no fault of his own . . . ." (Dkt. 7-12 at 2-3). Because Petitioner did not initiate his post-conviction proceedings until the limitation period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

**Equitable Tolling**

Petitioner argues in his response to Respondent's motion to dismiss that he diligently pursued his federal claims, but extraordinary circumstances prevented him from filing a timely petition (Dkt. 8). He asserts, "The habeas petition filed in this Court and the record in this case show that Petitioner did not sleep on his federal claims, but rather believed his state post-conviction would be sufficient to begin the State's process of reviewing his claim, thus warranting the tolling of the one-year statute of limitations." *Id*. at 2. He reiterates that the state district judge did not advise him that "his minimum range of punishment would be one-year [sic]." *Id.* He contends he "did not file a timely motion to withdraw his no contest plea or otherwise appeal his judgment and sentence, because neither the trial court judge nor his attorney made him aware of the error, and [he] was not able to discover the error himself until after the time for filing appeal proceedings had expired." *Id.* He further claims he "could not have discovered the lack of advice regarding the minimum range of punishment in order to raise the claim in a timely direct appeal because during the time period when

5

Petitioner could have initiated appeal proceedings in state court, Petitioner was still operating under the fact that he had not been advised of the minimum range of punishment in Count 2." *Id.*

The record shows that on April 27, 2016, the Information in Bryan County District Court Case No. CF-2016-302 was filed. *See* Oklahoma State Courts Network at http://oscn.net.[2] The Information clearly stated that Count 2 "is punishable by imprisonment for 1 to 10 years." *Id.* at 1. The docket for Case No. CF-2016-302 further indicates that also on April 27, 2016, Petitioner made a pro se initial appearance before the state district court by video conference from the Bryan County Jail. The docket entry for the video hearing states:

> FROM IN CUSTODY OF BCJ. CASE COMES ON FOR IA. BCJ HANDS DEF A COPY OF THE INFO. CRT ADVISED DEF OF CHARGE & ALL RIGHTS. PHC SET 6/2/16 @ 8:45AM. DEF TO ADVISE CRT RE: ATTY BY 5/20/16 @8:30AM. BOND SET @ $500,0000-CT1 & $10,000-CT2 ON RECOM OF DA.

*See* OSCN.

Petitioner carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).

After careful review, the Court finds that Petitioner clearly had notice of the punishment range at his initial appearance when he was handed a copy of his Information which stated the punishment range for both counts of his offense. His argument that he was

---

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

not advised of the minimum sentence for Count 2 is not supported by the record. Therefore, he has failed to demonstrate he diligently pursued his claim and that an extraordinary circumstance stood in his way. Petitioner is not entitled to equitable tolling, and this action must be dismissed as barred by the statute of limitations.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 6) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 2nd day of August 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma